**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TYRONE R. DENSON, ) | 3:13-cv-00398-HDM-WGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| CAROLYN W. COLVIN, ) Acting Commissioner of ) Social Security, ) | |
| Defendant. ) | |

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1),[1] and complaint (Doc. # 1-1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

---
[1] Refers to court's docket number.

A review of Plaintiff's financial affidavit reveals that he is unable to pay the filing fee. As a result, Plaintiff's application to proceed in forma pauperis (Doc. # 1) is **GRANTED**. However, the court notes that Plaintiff is represented by an attorney, and therefore conditions the grant of the application to proceed in forma pauperis as follows: if recovery is had by Plaintiff in this action, then the filing fee shall be paid. At this time, Plaintiff is not required to pre-pay the full filing fee.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all

2

doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's Complaint names Carolyn W. Colvin, Acting Commissioner of Social Security. Plaintiff has filed his Complaint requesting review of the final decision of the Commissioner of Social Security. (Doc. # 1-1.)

Federal courts have sole jurisdiction to conduct judicial review of the Social Security Administration's determination in this regard. *See* 42 U.S.C. § 405(g). Upon a review of Plaintiff's Complaint, it appears that he has exhausted his administrative remedies with the

3

Social Security Administration. Therefore, the court will allow Plaintiff's Complaint to **PROCEED**.

### III. CONCLUSION

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) is **GRANTED.** The movant herein is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. However, should the action result in a recovery to Plaintiff, the court will require the payment of the full filing fee. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) The complaint will **PROCEED** and the Clerk is instructed to **FILE** the Complaint (Doc. # 1-1).

(3) The Clerk shall **SERVE** the Commissioner of the Social Security Administration by sending a copy of the Summons and Complaint by certified mail to: (1) the General Counsel, Social Security Administration, Room 611, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105.

(4) The Clerk shall **ISSUE** a summons to the Social Security Administration and deliver the summons and complaint to the U.S. Marshal for service on the U.S. Attorney's Office at 100 West Liberty Street, Suite 600, Reno, Nevada 89501.

(5) Defendant shall have **sixty (60)** days from the date of service to file an answer or other responsive pleading to Plaintiff's Complaint in this case.

(6) Henceforth, Plaintiff, or his counsel, shall serve upon defendant, or defendant's attorney, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to defendant or

defendant's counsel. The court may disregard any paper received by a district judge, magistrate judge, or clerk which fails to include a certificate of service.

**IT IS SO ORDERED**.

DATED: August 5, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE